Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000548
20-JUN-2017
10:50 AM

NO. CAAP-16-0000548

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
STACEY ANN YOSHIE NAGATA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTI-16-003724)

SUMMARY DISPOSITION ORDER
(By: Leonard and Reifurth, JJ., and
Nakamura, C.J., concurring separately)

After a bench trial, Defendant-Appellant Stacey Ann Yoshie Nagata was convicted of violating Hawaii Revised Statutes ("HRS") section 291C-102(a)(1), Noncompliance with Speed Limit. Nagata appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment ("Judgment"), filed on July 15, 2016, in the District Court of the First Circuit, Honolulu Division ("District Court").[1]

On appeal, Nagata contends that (1) there was insufficient evidence to find that she violated HRS section 291C-102 because there was no evidence of a posted speed limit sign or that she operated a motor vehicle; and (2) the District Court erred by admitting the laser gun's speed reading because the supporting testimony failed to establish that the laser gun was calibrated or used according to the manufacturer's recommended procedures, and thus lacked the necessary foundation.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments they advanced and the issues they raised, we resolve Nagata's points of error as follows and reverse the Judgment.

---

[1] The Honorable James C. McWhinnie presided.

The District Court erred by admitting the speed reading from the laser gun because there was insufficient foundation for its admission. There was no testimony regarding (1) the procedures recommended by the manufacturer for testing the accuracy of a particular laser gun, (2) that Deputy Sheriff Raymund Calucag's training met the manufacturer's requirements, *State v. Assaye*, 121 Hawai'i 204, 213-16, 216 P.3d 1227, 1236-39 (2009), and (3) although Deputy Calucag stated that he performed calibration tests according to "the manual," there was no evidence that it was the laser gun manufacturer's manual. *State v. Apollonio*, 130 Hawai'i 353, 361-62, 311 P.3d 676, 684-85 (2013) (concluding that admission of the officer's testimony was wrong because there was no evidence that the laser gun manufacturer produced the manual with training specifications).

Without proper foundation, the laser gun speed reading should not have been admitted into evidence. Without the speed reading, there is insufficient evidence to find that Nagata was speeding in violation of HRS section 291C-102(a)(1). The State of Hawai'i, to its credit, concedes that there was no evidence presented as to the presence or location of any posted speed limit signs and that the absence of that evidence "seems to warrant a reversal" of the Judgment. In light of the State's failure to provide the necessary evidence in support of the speed reading, however, we need not reach the State's concession or address Nagata's other arguments.

Therefore, the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on July 15, 2016, in the District Court of the First Circuit, Honolulu Division, is reversed.

DATED: Honolulu, Hawai'i, June 20, 2017.

On the briefs:

Earle A. Partington
(The Law Office of
Earle A. Partington)
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge

2